**Frank GRAHAM, Petitioner–Appellant,**

v.

**Lester N. WRIGHT, Associate Commisioner/Chief Medical Officer DOCS, John P. Keane, Woodbourne Correctional Facility, Frank Lancellotti, Mervat Makram, Health Care Unit Woodbourne Correctional Facility, Anthony Graceffo, Auburn Correctional Facility, Matthews, Auburn Correctional Facility, Milicevic, Eastern Correctional Facility, Un–Named Persons, Individuals, Officers, Civilians, individually and in their official capacities, Respondents–Appellees.**

No. 04–5230.

United States Court of Appeals, Second Circuit.

June 24, 2005.

Frank Graham, Wilton, NY, pro se.

Michael S. Belohlavek, Deputy Solicitor General, State of New York (Julie Loughran, Assistant Solicitor General, Eliot Spitzer, Attorney General, on the brief) New York, NY, for Respondents–Appellees, of counsel.

Present: MINER, STRAUB, Circuit Judges, and KEENAN,* District Judge.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

In September 2001 Graham filed, in the Southern District of New York, this 42 U.S.C. § 1983 action for alleged failure timely to diagnose and properly to treat a Hepatitis C infection in violation of his Eighth Amendment right to be free from cruel and unusual punishment. In September 2003 the District Court granted, in part, a motion to dismiss brought by Respondents. In August 2004 the District Court granted summary judgment in favor of Respondents on all of Graham's remaining claims. Graham has appealed that grant of summary judgment. We assert jurisdiction under 28 U.S.C. § 1291 and affirm.

On *de novo* review, *see Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), we agree with the District Court that, based on this record, the remaining defen-

---

* The Hon. John F. Keenan, United States District Judge, Southern District of New York, sitting by designation.

dants were entitled to summary judgment. In particular, we agree that, based on facts not in genuine dispute, the remaining defendants did not, as a matter of law, knowingly disregard Graham's Hepatitis C status. Prior to 2001, none of the remaining defendants knew that Graham was infected with Hepatitis C. After his 2001 diagnosis, Graham promptly received all appropriate treatment—though that treatment has, unfortunately, been unsuccessful in his case. During all relevant periods of time prior to 2001 Graham's liver enzymes were well below the threshold at which a Hepatitis C test would have been indicated under contemporary standards of care. Given these facts, the actions of the remaining defendants were reasonable given the state of knowledge and practice with respect to Hepatitis C diagnosis and treatment and, therefore, cannot form the basis of an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 845, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."). Summary judgment was appropriate.

We have considered each of Graham's remaining arguments on this appeal and find each of them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.